**SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY**

| | |
|---|---|
| FLETCHER ENTERPRISES, INC.<br><br>Plaintiff,<br><br>v.<br><br>WEST AMERICAN INSURANCE COMPANY,<br><br>Defendant. | NO.<br><br>**COMPLAINT** |

Fletcher Enterprises, Inc. alleges for its Complaint as follows:

**I.  INTRODUCTION**

1.1.   This is an action for breach of contract and extracontractual liability, seeking:

(a)   Damages for breach of West American Insurance Company's contractual obligations under the subject liability insurance policy;

(b)   Damages for West American's bad faith and violations of the Unfair Claims Settlement Practices Act, the Washington Consumer Protection Act ("WCPA"), and Insurance Fair Conduct Act ("IFCA"), including actual, compensatory, and treble damages;

**COMPLAINT - 1**

GORDON TILDEN THOMAS CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

(c)  A declaration that West American is estopped from denying coverage for the underlying claim;

(d)  Pre-judgment and post-judgment interest; and

(e)  All attorney's fees and costs incurred by Fletcher Enterprises in asserting this coverage claim and prosecuting this action, pursuant to Washington statutes and the rule in *Olympic Steamship Co., Inc. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673  (1991), and its progeny.

## II.  PARTIES

2.1.  Plaintiff, Fletcher Enterprises, Inc. ("Fletcher"), is a corporation organized under the laws of the State of Washington and has its principal place of business in Woodinville, Washington.  Fletcher, which does business as Elite Spas Northwest, is a family-owned business specializing in the sale, installation, and repair of residential pools and hot tubs.  Fletcher and Elite Spas have been in business since 1987.

2.2.  Defendant, West American, is an insurance company that is admitted to do business in Washington and is engaged in the business of insurance throughout the state.

## III.  JURISDICTION AND VENUE

3.1.  This Court has subject matter jurisdiction under RCW 2.08.010 and RCW 7.24.010.  It has personal jurisdiction because West American conducts business in the state of Washington.

3.2.  Venue is proper before this Court pursuant to RCW 48.05.220 and RCW 4.12.025.

**COMPLAINT - 2**

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

## IV.  THE SUBJECT INSURANCE POLICY

4.1.    Fletcher is the Named Insured under the subject commercial liability insurance policy ("Policy") issued by West American.  The Policy bears policy no. BZW578351704 and was in effect during the period of June 1, 2020 to June 21, 2021.

## V.  THE UNDERLYING LAWSUIT AND WEST AMERICAN'S UNREASONABLE DENIAL OF COVERAGE

5.1.    In or about August 2020, David Warner hired Fletcher to install a swim spa and hot tub on his property.  Warner alleged that the swim spa cover and lift system were not functioning properly and shortly thereafter alleged that the hot tub cover was not functioning properly.  Warner sued Fletcher and another company, Advanced Spa Cover, which manufactured the swim spa and hot tub covers.  Warner sought damages under several causes of action, including negligence, breach of contract, breach of warranty and violation of the Washington Consumer Protection Act.  Warner filed his original Complaint on April 17, 2023 and filed his First Amended Complaint on May 26, 2023.

5.2.    Fletcher timely tendered the Complaint and First Amended Complaint to West American.  By letter dated June 14, 2023, West American denied coverage for the Warner lawsuit and refused to defend Fletcher.  The purported basis of West American's denial of coverage was, in relevant part, as follows:

> Based upon the information available to date, the grounds for the denial of coverage under the Policy, or under applicable law, with respect to the Lawsuit, include, but are not limited to, the following:
>
> - This insurance does not apply to "property damage" to "your product" as those terms are defined by the policy, arising out of "your product" or any part of it. Since this matter involves "property damage" such as that described, there is no insurance coverage for that damage under Coverage A Bodily Injury and Property Damage Liability.

**COMPLAINT - 3**

GORDON TILDEN THOMAS CORDELL  
600 University Street  
Suite 2915  
Seattle, WA  98101  
206.467.6477

- This insurance does not apply to "property damage" to "your work," as that term is defined by the policy, arising out of "your work," or any part of it, and included in the "products-completed operations hazard". Since this matter involves "property damage" such as that described, there is no insurance coverage for that damage under Coverage A Bodily Injury and Property Damage Liability.

- This insurance does not apply to "property damage" to "impaired property" or property that has not been physically injured arising out of a defect, deficiency, inadequacy or dangerous condition in "your product" or "your work" or a delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms. Since this matter involves damage such as that described, there is no insurance coverage for that damage under Coverage A Bodily Injury and Property Damage Liability.

- This insurance does not apply to damages incurred by the insured or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of "your product," "your work" or "impaired property," if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it. Since that [sic] this matter involves damage such as that described, there is no insurance coverage for that damage under Coverage A Bodily Injury and Property Damage Liability.

You sold and installed a defective hot tub & spa cover which has to be removed and replaced. In addition, you drilled holes into the spa & hot tub tile to mount the spa cover lift as part of your installation work. There is no coverage afforded under the policy for damages to your product and your work, arising out of any part of it.

Letter of June 14, 2023 from Gerry Hathaway to Paulette Fletcher, pp. 5-6.

5.3. The grounds of denial cited in West American's letter of June 14 lacked merit, including because Warner's First Amended Complaint expressly alleged damage to his property separate and apart from the hot tub and swim spa that Fletcher sold and was hired to install:

COMPLAINT - 4

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

> Plaintiff suffered legally compensable damages to property, including but not limited to damage to the Plaintiff's property above and beyond and in addition to the defective swim spa cover. Such damage includes but is not limited to tiles and other building components that were damaged as a consequence of the negligence of the Defendants.

First Amended Complaint, Para. 5.2.

Indeed, West American's letter of June 14, 2023 expressly recognized that Warner was alleging damage to property other than the products sold by Fletcher: "In addition, you drilled holes into the spa & hot tub tile to mount the spa cover lift as part of your installation work."

    5.4    As a result of West American's denial of coverage, Fletcher was forced to defend the Warner action without insurer-appointed defense counsel. Instead, they hired a lawyer and were able to provide him with a budget of approximately $6,000, which they paid out of pocket. That lawyer was hamstrung; the budget that Fletcher was able to provide did not allow for anything like a proper defense of Warner's claims. Importantly, Fletcher was unable to engage expert witnesses to defend against Warner's allegations. Fletcher's lack of an insurer-appointed defense severely prejudiced its interests in the underlying case.

    5.5    Fletcher's lack of a defense, and resulting inability to properly defend the case, persisted for over eight months. During that time, the Warner case was sent to mandatory arbitration, and Warner actively prosecuted the case.

    5.6    On January 8, 2024, counsel for Fletcher sent a letter to Gerry Hathaway of Liberty Mutual, who was the claims representative handling the matter for West American. Counsel's letter contested West American's denial of coverage, including by pointing out that the "alleged damage includes damage to work not performed by Fletcher Enterprises, and products not manufactured by Fletcher Enterprises …"

5.7 Some seven weeks later, by letter dated February 22, 2024, West American reversed its position and accepted Fletcher's tender, agreeing to defend and purporting to reserve rights to deny coverage. For all relevant purposes, nothing had changed about the underlying allegations between the time of West American's June 14, 2023 denial of coverage and refusal to defend, and its February 22, 2024 about-face. Shortly after February 22, 2024, West American appointed defense counsel to represent Fletcher in the underlying arbitration. West American's delay in responding to Fletcher's letter of January 8, 2024 was in violation of the Washington Unfair Claims Settlement Practices Act.

5.8 By the time counsel was appointed to defend Fletcher, all discovery deadlines in the underlying case, including for disclosing expert witnesses, had passed. Fletcher had taken no depositions and engaged no experts. Via motions practice, Fletcher's newly appointed counsel was able to obtain a continuance of the arbitration hearing and to reopen discovery. However, as described more fully below, the arbitrator ultimately awarded Warner fees and costs as a sanction for Fletcher's and West American's unjustified failure to comply with the case schedule. West American was aware of the likelihood that the arbitrator would award fees if a continuance was sought, and expressly agreed to pay any such fee award. West American has since failed and refused to pay that award.

5.9 Fletcher incurred fees to their prior lawyer in the amount of $5,995.84. By letter dated March 6, 2024, counsel for Fletcher requested that West American reimburse Fletcher for those fees. West American failed and refused to reimburse its insured.

5.10 Warner sought damages from Fletcher in excess of $150,000. Prior to the arbitration hearing, Fletcher and Warner participated in a mediation. West American

**COMPLAINT - 6**

participated in the mediation, but never offered more than $10,000 in settlement.  As a result, the case proceeded to hearing on July 9 and 10, 2024.

5.11    Upon the conclusion of the hearing, the arbitrator found for Warner.  The arbitrator awarded damages in the amount of $43,514.  While the arbitrator found for Fletcher on Warner's WCPA claim, the arbitrator nonetheless awarded fees and costs to Warner in the amount of $22,655.79.  The basis of the arbitrator's fee award was as follows:

> Plaintiff is awarded his attorneys' fees and costs associated with Defendant Fletcher Enterprises, Inc.'s Motion to Continue and to conduct additional discovery.  The fees and costs include the depositions scheduled by Defendant Fletcher Enterprises, Inc. and the depositions scheduled and taken by Plaintiff that were necessary because of the continuance and additional discovery requested by Defendant Fletcher Enterprises, Inc.  These fees and costs are awarded against Defendant Fletcher Enterprises, Inc. only as it is the only Defendant that requested the continuance and that conducted additional discovery.

Amended Arbitration Award, Page 2 (August 8, 2024).

The delay and related events referenced in the fee award were the result of Liberty's bad-faith refusal to defend Fletcher and belated reversal and appointment of defense counsel.

5.12    West American breached its duty to defend.  Under the circumstances presented here—where the basis of the duty to defend was apparent on the face of the underlying allegations and those allegations were "conceivably covered under the Policy—West American's failure to defend was in bad faith.  Under clear Washington law, West American's bad-faith breach of duty to defend estops the insurer from denying coverage for the underlying Warner claims.

5.13    West American has failed and refused to pay any portion of the Amended Arbitration Award.  On or about September 15, 2024, Warner will cause judgment to be entered

on that award.  Entry of this judgment will harm Flether, including via damage to its reputation and potential consequences to its perceived creditworthiness.

## VI.  BREACH OF CONTRACT

6.1. Fletcher re-alleges and incorporates by reference paragraphs 1.1 through 5.13, as if fully set forth herein.

6.2. West American breached the Policy, including by failing to conduct an adequate investigation, refusing to defend Fletcher, refusing to reimburse Fletcher for the fees paid to its prior counsel, and refusing to pay the Amended Arbitration Award.

6.3. As a direct and proximate result of this breach, Fletcher has suffered damages in an amount to be proven at trial.

## VII.  INSURANCE BAD FAITH

7.1. Fletcher re-alleges and incorporates by reference paragraphs 1.1 through 6.3, as if fully set forth herein.

7.2. West American owed Fletcher a duty of good faith and fair dealing.  Pursuant to that duty, West American is obliged to refrain from denying coverage based on unreasonable, frivolous, or unfounded interpretations of the underlying allegations and the Policy.  West American is likewise required to deal fairly with Fletcher and give equal consideration to Fletcher and not put its own interests ahead of Fletcher's interests.

7.3. West American breached its duty of good faith and fair dealing as described in this Complaint.

7.4. As a direct and proximate result of this conduct, Fletcher has suffered damages in an amount to be proven at trial.

GORDON TILDEN THOMAS CORDELL | 600 University Street  Suite 2915  Seattle, WA  98101  206.467.6477

## VIII. VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT

8.1. Fletcher re-alleges and incorporates by reference paragraphs 1.1 through 7.4, as if fully set forth herein.

8.2. Washington has adopted the Unfair Claims Settlement Practices Act under Chapter 284-30, *et seq*. of the WAC. West American violated the Unfair Claims Settlement Practices Act, including WAC 284-30-330(1), (2), (3), (4), and (13); WAC 284-30-350; and WAC 284-30-360, by failing to conduct an adequate investigation, failing to provide a reasonable basis for its denial, misrepresenting pertinent provisions of the Policy, and failing to timely respond to Fletcher's communications.

8.3. West American's bad faith and violations of these WAC provisions are *per se* violations of the WCPA, RCW 19.86, entitling Fletcher to exemplary damages, attorney fees, and costs.

8.4. As a direct and proximate cause of this conduct, Fletcher suffered damages in an amount to be proven at trial.

## IX. VIOLATION OF THE INSURANCE FAIR CONDUCT ACT

9.1. Fletcher re-alleges and incorporates by reference paragraphs 1.1 through 8.4, as if fully set forth herein.

9.2. On March 6, 2024, Fletcher filed a 20-day IFCA Notification with the Office of the Insurance Commissioner. This written notice, along with the bases for Fletcher's IFCA cause of action, was timely provided to West American. West American never responded to Fletcher's IFCA notification.

**COMPLAINT - 9**

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

9.3. West American has unreasonably denied Fletcher's claim and has violated WAC 284-30 *et. seq.* as described above. West American's actions are violations of IFCA, entitling Fletcher to actual, compensatory, and multiplied damages, attorney fees, and costs.

9.4. As a direct and proximate cause of this conduct, Fletcher Enterprises has suffered damages in an amount to be established at trial.

## X.  PRAYER FOR RELIEF

WHEREFORE, Fletcher seeks and is entitled to the following relief:

A. A money judgment against West American in the amount Fletcher Enterprises will prove;

B. An award of attorney fees, costs, and disbursements, and attorney fees, including under the rule in *Olympic Steamship Co., Inc. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), the WCPA, the IFCA, and for bad faith.

C. An award of pre- and post-judgment interest;

D. An award of treble damages pursuant to RCW 19.86.090 and RCW 48.30.015; and

E. All other relief as is just, equitable, and proper.

DATED this 12th day of September, 2024.

**GORDON TILDEN THOMAS & CORDELL LLP**
*Attorneys for Plaintiff Fletcher Enterprises, Inc.*

By _____
Franklin D. Cordell, WSBA #26392
Miles C. Bludorn, WSBA #54238
600 University Street, Suite 2915
Seattle, Washington 98101
206.467.6477
fcordell@gordontilden.com
mbludorn@gordontilden.com